## IN RE SCOTT

[111 N.C. App. 453 (1993)]

IN THE MATTER OF: THOMAS EARL SCOTT

No. 9210SC744

(Filed 3 August 1993)

Appeal by respondent from order entered 4 November 1991 by Judge Donald W. Stephens in Wake County Superior Court. Heard in the Court of Appeals 7 June 1993.

Respondent was charged in Robeson County on warrants dated 19 March 1990 with robbery with a dangerous weapon and the first degree murder of Earl Scott. Having been evaluated and found incapable of proceeding to trial, respondent was involuntarily committed on 13 June 1990 and recommitted on 31 July 1990. Respondent was indicted by the Grand Jury for Robeson County on 5 November 1990. Counsel for respondent filed notice of respondent's intention to rely on the insanity defense. On 18 March 1991, in Robeson County Superior Court, Judge Dexter Brooks entered an order pursuant to N.C. Gen. Stat. § 15A-959(c) (1988) finding respondent not guilty by reason of insanity and ordered him committed to Dorothea Dix Hospital for treatment.

Judge Stephens presided over respondent's first rehearing to determine whether respondent should continue to be involuntarily committed. By order dated 4 November 1991, Judge Stephens found that respondent had not met his burden of proof under Senate Bill 43, codified as N.C. Gen. Stat. §§ 122C-268.1(i) and -276.1(c) (Cum. Supp. 1991), and ordered him recommitted to Dorothea Dix for a period not to exceed 180 days. Respondent appealed the order to this Court.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Valerie B. Spalding, for the State-appellee.*

*Karl E. Knudsen for respondent-appellant.*

ARNOLD, Chief Judge.

Respondent contends that the provisions of G.S. § 122C as amended by Senate Bill 43 in April 1991 violate the Due Process and/or Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution, as well as Article I, Section 19 of the North Carolina Constitution. Respondent also contends that Senate Bill 43 violates the Ex Post Facto Clause of the Federal

Constitution and North Carolina Constitution. The questions presented by respondent on appeal are identical to the issues raised in *In re Hayes,* 111 N.C. App. 384, 432 S.E.2d 862 (1993), which was filed simultaneously with the case at bar. For the reasons stated in *Hayes,* we hold that respondent's assignments of error are without merit.

Affirmed.

Judges ORR and MARTIN concur.